# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE              )
                               )
        v.                     )        ID# 1301011737
                               )
STEVEN DOLLARD,                )
                               )
        Defendant.             )

## ORDER

**AND NOW TO WIT**, this 22nd day of March, 2016, upon consideration of the Defendant's Motion for Appointment of Counsel[1] and *Pro Se* Motion for Postconviction Relief,[2] and the record in this case, **IT APPEARS THAT**:

1.  Steven Dollard ("Defendant") pled guilty to Drug Dealing (Class D Felony) and Possession of Drug Paraphernalia on August 1, 2013.[3] On October 4, 2013, Defendant was declared a habitual offender and was sentenced to eighteen months at Level V incarceration for Drug Dealing, and six months at Level V incarceration for Drug Paraphernalia.[4] Defendant did not file a direct appeal.

2.  On August 14, 2014, Defendant filed the instant Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61 Motion") and on December 15, 2015, Defendant filed a Motion for Appointment

---

[1] D.I. 22.
[2] D.I. 21.
[3] D.I. 12.
[4] D.I. 14.

of Counsel.[5]  Defendant's Motions are governed by the version of Rule 61 that took effect on June 4, 2014.  Pursuant to Rule 61(2)(e), in "first postconviction motions in guilty plea cases:"

> The judge may appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.

3.  Defendant's Motion for Appointment of Counsel is untimely and Defendant is not entitled to counsel.   The motion was filed more than one year after the final judgment of conviction and Defendant does not assert a retroactively applicable right. [6]

4.  Before addressing the merits of any claim for postconviction relief, the Court must first determine whether any of the procedural bars under Rule 61 are

---

[5] D.I. 21, 22.

[6] Under Rule 61(i)(1), a motion for postconviction relief is untimely if it is filed more than one year after a final judgment of conviction, or if the motion asserts a newly recognized, retroactively applied right more than one year after it is first recognized. Pursuant to Rule 61(m), if a defendant does not file a direct appeal, a judgment of conviction is final for purposes of Rule 61 thirty days after the Superior Court imposes sentence. Defendant did not file a direct appeal. Defendant was sentenced on October 4, 2013, and did not file his Rule 61 motion until August 15, 2014.

applicable.[7] Under Rule 61(i), a Rule 61 Motion can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.

5. Rule 61(i)(1) provides that a motion for postconviction relief is untimely if it is filed more than one year after a final judgment of conviction, or if the motion asserts a newly recognized, retroactively applied right more than one year after it is first recognized. Under Rule 61(i)(2) successive motions are prohibited unless the pleading requirements of 61(d)(2)(i) or (ii) are met. Rule 61(i)(3) bars consideration any ground for relief "not asserted in the proceedings leading to the judgment of conviction," unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights." Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case.

6. If a procedural bar exists, the Court will not consider the merits of the claims unless the defendant can show that an exception found in Rule 61(i)(5) applies. Rule 61(i)(5) provides that consideration of otherwise procedurally barred claims is limited to claims that the Court lacked jurisdiction, or claims that satisfy the pleading requirements set forth in 61(d)(2)(i) and (ii). Rule 61(d)(2)(i) and (ii) require that the Rule 61 Motion either: (i) pleads with particularity that new

---

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction invalid.

7. Defendant's first three grounds for relief relate to misconduct at the Office of the Chief Medical Examiner ("OCME"). Defendant argues that: (1) drug evidence obtained from the Defendant's residence was tested at the OCME when there were evidence-handling problems at the OCME; (2) the drug lab reports were never disclosed to Defendant in violation of *Brady v. United States*; and (3) the State did not establish a chain of custody over the drugs.[8] Defendant also argues that his counsel was ineffective for failing to make inquiries relating to these *Brady* violations.

8. Defendant's Rule 61 Motion is procedurally barred by Rule 61(i)(1),[9] and Defendant is unable to overcome this procedural hurdle by showing an exception in Rule 61(i)(5) applies.

9. In prior decisions, the Delaware Supreme Court has consistently found that "when defendants freely admitted their guilt by admitting that they possessed illegal narcotics, their lack of knowledge that the OCME's evidence-handling

---

[8] D.I. 21.
[9] *See supra* note 6.

4

practices were seriously flawed and that some OCME employees had engaged in malfeasance, did not invalidate their pleas."[10] The Supreme Court has made clear that evidence of poor evidence-handling practices at the OCME are "not a license for every defendant to obtain a get-out-of-jail-free card," and that "relief should be granted to a defendant only when the problems at the OCME could be said to have contributed to an unfair conviction."[11]

10. Defendant admitted that he was guilty of drug dealing in 2013, and any misconduct at the OCME did not affect the validity of Defendant's guilty plea. The plea colloquy reflects that Defendant knowingly, voluntarily, and intelligently pled guilty. Defendant has "submitted no evidence to suggest a natural inference that any misconduct at the OCME (or lack of knowledge of that conduct) coerced or otherwise induced the defendant[] to falsely plead guilty."[12] By pleading guilty, Defendant "waived any right he had to test the strength of the State's evidence

---

[10] *Aricidiacono v. State*, 125 A.3d 677, 678–79 (Del. 2015) (citing *Anzara Brown v. State*, 117 A.3d 568 (Del. 2015); *Brewer v. State*, 119 A.3d 42 (Del. 2015); *Patrick L. Brown v. State,* 119 A.3d 42 (Del. 2015); *Carrero v. State*, 115 A.3d 1214 (Del. 2015); *McMillan v. State*, 115 A.3d 1215 (Del. 2015); *State v. Irwin*, 2014 WL 6734821 (Del. Super. 2014)).

[11] A 2014 investigation revealed that some of the OCME employees had stolen drug evidence stored at the OCME. *Aricidiacono*, 125 A.3d at 677–79. The Supreme Court noted, "[t]o date, those problems, although including substantial evidence of sloppiness and allegations of 'drylabbing,' do not in any way involve evidence-planting. To the contrary, much of the uncovered misconduct seemed to be inspired by the reality that the evidence seized from defendants in fact involved illegal narcotics, and the temptation this provided to certain employees to steal some of that evidence for their personal use and for resale." *Id.* at 678.

[12] *Id.* at 679. "Under *Brady,* a guilty plea is considered involuntary if it is 'induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'" *Id.* (citing *Brady*, 397 U.S. at 755).

5

against him at trial, including the chain of custody of the drug evidence that he claims he was entitled to receive."[13] Accordingly, grounds one, two, and three are procedurally barred by Rule 61(i)(1) and meritless.

11. To prevail on a claim of ineffective assistance of counsel after entry of a guilty plea, a defendant must demonstrate that: "(a) counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial, resulting in his acquittal."[14] "Conclusory and unsupported claims of prejudice are insufficient to establish ineffective assistance; a defendant must make and substantiate concrete claims of actual prejudice."[15]

12. Defendant's claim of ineffective assistance of counsel relates to counsel's alleged failure to make inquiries into the chain of custody of the drug evidence. Defendant asserts that his counsel's ineffectiveness is evidenced by the fact that his "drug case falls directly within the time of the medical examiner's office scandal."[16] Defendant has failed to make any concrete allegations of either cause or prejudice, and therefore, his claim of ineffective assistance of counsel is meritless. Defendant's conclusory claim of ineffective assistance of counsel is

---

[13] *Brown v. State*, 2015 WL 3372271, at *2 (Del. 2015).
[14] *Ashley v. State*, 77 A.3d 271 (Del. 2013).
[15] *Sartin v. State*, 103 A.3d 515 (Del. 2014).
[16] D.I. 21.

procedurally barred by Rule 61(i)(1), and Defendant has failed to overcome this procedural hurdle by showing that an exception in Rule 61(i)(5) applies.

**NOW THEREFORE**, Defendant's Motion for Appointment of Counsel and *Pro Se* Motion for Postconviction Relief are **DENIED**.

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge